FILED

JAN 10 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIPPI S. LOWE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07 0049 |
| WASHINGTON D.C., et al., | ) |
| Defendants | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, but the case transferred for the following reasons.

Plaintiff's cause of action arise from his eviction from his residence in Evergeen, Alabama. He alleges that he was evicted because of the racist attitudes of judges and law enforcement officials.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper*



*Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

Plaintiff is challenging the actions of BOP employees in Springfield, Missouri. Plaintiff's complaint states that is where the alleged events occurred. Thus, the possible witnesses in this case would likely be in Missouri. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, it is

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the case transferred to the United States District Court for the Middle District of Alabama.

/s/ Gladys Kessler
United States District Judge

Dated: Dec 15, 2006